IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KHALLID PIERCE,

    Plaintiff,

v.                                                  Civil Action No. 5:18CV157
                                                                      (STAMP)

BETHANY COLLEGE (WV).

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT,
DENYING PLAINTIFF'S MOTION TO AMEND,
DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AND DENYING PLAINTIFF'S MOTIONS FOR IMMEDIATE TRIAL
AND ALTERNATIVE DISPUTE RESOLUTION**

I.    Background

This civil action arises out of alleged discriminatory and tortious acts that took place in 2017 while the pro se[1] plaintiff, Khallid Pierce, was a student at Bethany College. Plaintiff Khallid Pierce ("Pierce") filed this civil action in the Circuit Court of Brooke County, West Virginia, asserting a general allegation against defendant Bethany College including apparent causes of action for (1) violation of his First Amendment rights; (2) violation of his civil rights under 42 U.S.C. § 1983; (3) violations of the Universal Declaration of Human Rights; and (4) various other treaties, federal statutes, and "civil orders" of the Catholic Church. ECF No. 1-1 at 6-7. Plaintiff requests an

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

apology letter, and compensation in the amount of $44,400.00 for pain, suffering, neglect, trauma, post traumatic stress disorder, loss of employment, and damages. ECF No. 1-1 at 7.

Pursuant to 28 U.S.C. § 1331, 1441 and § 1446, defendant Bethany College, by counsel, removed this action to the United States District Court for the Northern District of West Virginia. ECF No. 1. Defendant states that this action is properly removable under 28 U.S.C. § 1441, and this Court has original jurisdiction of this case under 28 U.S.C. § 1331, inasmuch as Pierce's claims asserting that defendant violated 42 U.S.C. § 1983 or other various statutes arising under the laws of the United States, and thus create federal questions. ECF No. 1 at 2. Further, defendant adds that to the extent Pierce's complaint alleges state law causes of action, the claims are also removable as a result of the Court's supplemental jurisdiction over those claims under 28 U.S.C. § 1367. Id.

Plaintiff then filed a "Motion for Entry of Default Judgement (Counter-Claim)" with an affidavit attached thereto, and lists claims for reckless endangerment, systemic racial discrimination, malice and negligence. ECF No. 4. In his motion, plaintiff asks this Court to order an immediate trial, and states that there is no right by defendant to remove the case and not answer any of the plaintiff's alleged claims. ECF No. 4 at 2. In support, plaintiff reiterates the allegations asserted in his complaint and asserts

2

that "default was entered September 21st 2018," and requests relief in the amount of $44,000.00. Id.

Defendant then filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff has failed to state a claim against Bethany College upon which relief can be granted. ECF No. 8. Defendant Bethany College contends that plaintiff's 42 U.S.C. § 1983 claim should be dismissed as there is no allegation that Bethany College acted under color of state law. Id. Defendant also contends that plaintiff's claims for violations of various statutes lack merit and should be dismissed. Id. Defendant ultimately asserts that plaintiff's complaint should be dismissed in its entirety.

Following the defendant's motion to dismiss the pro se plaintiff's complaint, this Court entered a Roseboro notice. ECF No. 10.

Defendant then filed a response in opposition to plaintiff's motion for default judgment and immediate trial. ECF No. 12. In response, defendant states that plaintiff's motion should be denied because Bethany College properly appeared in this matter and defended its interests by timely removing this matter to this Court and filing a motion to dismiss within the time permitted by Federal Rule of Civil Procedure Rule 81(c)(2)(C), and has not "defaulted" as plaintiff suggests. ECF No. 12. Further, defendant states that plaintiff's motion for immediate trial should be denied because an

3

immediate trial in impractical and unworkable and would significantly prejudice defendant's ability to defend the case. <u>Id.</u>

Plaintiff then filed his response to the defendant's motion to dismiss, styled as "answer with motion to proceed with civil action." ECF No. 15. In response, plaintiff states:

> I (the Plaintiff) now ask that the Defendant's motion to dismiss Complaint be granted, only the accusations of breaking International, native treaty, State, or Federal Law, along with violations of 42 U.S.C. § 1983, and Federal Rule of Civil Procedure 8(a) Id. § 1357. I am not asking for the dismissal of the entire civil action, but only the two proportions of the claim (reasoning and techniques used for racial discrimination) of complaint and the option to amend (for clarification of complaint) and the continuance of the civil complaint filed by Khallid Pierce.

ECF No. 15 at 2.

Plaintiff continues his response by asking that the motion to dismiss "the entire complaint be denied because the main subjects of controversy in the civil complaint have not been responded on, deemed false or untruthful by Defendant, Bethany College." ECF No. 15 at 2. Plaintiff further seeks to amend his original complaint, specifically, the "violations and relief section," in order to "better explain the sought relief from the court with reasoning, and proof of alleged, claimed damages." ECF No. 15 at 3. Plaintiff again clarifies that "[c]laims of broken International, Federal, Native/Aborignial or State Laws are not in question or being questioned." ECF No. 15 at 3. Finally, plaintiff asks to

4

proceed with his civil action, and states that the civil action can proceed to mediation or settlement. ECF No. 15 at 3.

Defendant filed its reply to plaintiff's response. ECF No. 16. Defendant states that it appears from plaintiff's response that he admits many of his claims should, in fact, be dismissed. ECF No. 16 at 1. Defendant adds that, for example, plaintiff specifically asked this court to grant defendant's motion to dismiss as the same relates to "the accusation of breaking International [law], native treaty, state, or Federal Laws, along with Violations of 42 U.S.C. § 1983 . . . ." ECF No. 16 at 1. As such, defendant requests that this Court, pursuant to plaintiff's own request, enter an order dismissing his claims as the same relate to any alleged violations on the part of Bethany College of state law, federal law, international law, and/or "native treaties." Id. Defendant further contends that notwithstanding the above, plaintiff's response appears to argue that after dismissing the above claims, he may still proceed on the theory that Bethany College violated his First Amendment rights. However, defendant contends that plaintiff's complaint simply does not plead the necessary elements of a First Amendment claim. ECF No. 16 at 2. Defendant also contends that plaintiff also fails to set forth cognizable causes of action and does not plead sufficient facts for his claims of "reckless endangerment with negligence and malice." Id. Defendant ultimately asserts that the plaintiff's

complaint "fails to place Bethany on notice as to what claims he believes he is bringing, and as a result, even beyond the claims that Plaintiff has voluntarily dismissed, the Complaint should be dismissed as well." ECF No. 16 at 3.

Plaintiff then filed a "motion to amend complaint," and states that it is necessary to clarify the "misunderstood relief wanted from [d]efendant." ECF No. 19. Plaintiff also attached two proposed amended complaints alleging "Reckless endangerment[] and Systemic Racial Discrimination." See ECF Nos. 19-3, 19-4. Plaintiff then filed a "Motion to Order Immediate Case Planning Conference(s), Motion to Dismiss Motion for Immediate Trial and Motion to enter Default Judgement against the Defendant" (ECF No. 20) and an "Offer for Alternative Dispute Resolution" (ECF No. 21).

Defendant filed a response in opposition to plaintiff's motion to amend. ECF No. 24. Defendant asserts that under Federal Rule of Civil Procedure 15(a), "if plaintiff sought to amend as a matter of course, his amendment must have been served within twenty-one days after Bethany College filed its motion to dismiss, which would have been October 18, 2018 (twenty-one days after September 27, 2018)." Id. Defendant contends that since the motion to amend and proposed amended complaint was not filed before that date, that plaintiff must rely on Rule 15(a)(2), and seek this Court's leave to file the amended complaint. Id. Defendant further asserts that "[p]laintiff's proposed Amended Complaint would be futile for the

6

same reason that Bethany College earlier argued in its Motion to Dismiss and its Reply to Plaintiff's Response to Defendant's Motion to Dismiss." Id. Defendant contends that plaintiff's amended complaint suffers from the same flaw his original complaint, and "still includes allegations about Bethany's and various individuals' actions, with no discernible claim supported by those facts." Id. Defendant argues that plaintiff "simply alleges that he is entitled to recover from Bethany, though he fails to give any justification as to why," and further contends that the amended complaint fails to place Bethany College on notice as to what claims plaintiff believes he is bringing, and as a result, the amended complaint is subject to dismissal under Rule 12(b)(6). Id. Defendant ultimately asserts that the amendment is futile, and this Court should not grant leave to amend.

Defendant also filed a response in opposition to plaintiff's "Motion to Order Immediate Case Planning Conference(s), Motion to Dismiss Motion for Immediate Trial and Motion to enter Default Judgement against the Defendant" (ECF No. 20). ECF No. 25.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and

bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial

8

plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

This Court has reviewed the complaint in the light most favorable to the plaintiff, and finds that the complaint contains no factual support in relation to the alleged claims asserted by plaintiff or damages allegedly suffered by plaintiff. This Court finds that the allegations asserted against defendant Bethany College fail to place defendant on notice as to what claims he believes he is bringing and does not allege enough facts to state a claim to relief that is plausible on is face. Upon review of the complaint, this Court finds that the plaintiff's asserted claims do not meet the pleading requirements of Twombly, and are insufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Accordingly, the defendant's motion to dismiss the plaintiff's complaint (ECF No. 8) is granted, and the plaintiff's complaint is dismissed.

Additionally, this Court finds it is appropriate to deny plaintiff's motion to amend (ECF No. 19) because plaintiff's

proposed amendments would be futile. Rule 15(a) of the Federal Rules of Civil Procedure grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984). The United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006); see also Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) (citing Glick v. Koenig, 766 F.2d 265, 268–69 (7th Cir. 1985) (if amended complaint could not withstand motion to dismiss, motion

to amend should be denied as futile)). Accordingly, this Court finds that plaintiff's proposed amended complaints (ECF Nos. 19-3, 19-4) would not withstand a motion to dismiss and thus, is denied as futile.

Lastly, plaintiff's motion for default judgment and immediate trial (ECF No. 12) is denied. Defendant Bethany College properly appeared in this matter and defended its interests by timely removing this matter to this Court, and has not defaulted. ECF No. 12. Plaintiff's motion for immediate trial (ECF No. 20) and motion for alternative dispute resolution (ECF No. 21) are also denied.

## IV. Conclusion

For the reasons set forth above, the defendant's motion to dismiss the complaint (ECF No. 8) is GRANTED. Plaintiff's motion for entry of default judgment (ECF No. 4) is DENIED. Plaintiff's motion to amend complaint (ECF No. 19) is DENIED as futile. Plaintiff's motion to order immediate case planning conference, motion to dismiss motion for immediate trial and motion to enter default judgment against the defendant (ECF No. 20), and motion for alternative dispute resolution (ECF No. 21) are also DENIED.

Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

The plaintiff may appeal the final judgment of this Court to the United States Court of Appeals for the Fourth Circuit by filing

a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 28, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE